1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONNELL BLEDSOE,                        No.  2:19-cv-1648 JAM DB PS

12              Plaintiff,

13       v.                                  ORDER

14   SHAWN GRANBERRY, et al.,

15              Defendants,

16

17         Plaintiff Donnell Bledsoe is proceeding in this action pro se.  This matter was referred to

18   the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On March

19   24, 2020, the undersigned issued an order dismissing plaintiff's original complaint and granting

20   plaintiff leave to amend.  (ECF No. 4.)  On April 15, 2020, plaintiff filed an amended complaint.

21   (ECF No. 5.)  On September 3, 2020, plaintiff filed a motion seeking the appointment of counsel.

22   (ECF No. 9.)  On October 1, 2020, plaintiff filed a motion seeking further leave to amend.  (ECF

23   No. 10.)

24         Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that "[a] party may amend

25   its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is

26   one to which a responsive pleading is required, 21 days after service of a responsive pleading or

27   21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Moreover,

28   "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires."

1

1    AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation

2    omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so

3    requires.").  However, courts "need not grant leave to amend where the amendment: (1)

4    prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the

5    litigation; or (4) is futile."  Id.  The "court's discretion to deny leave to amend is particularly

6    broad where the court has already given the plaintiff an opportunity to amend his complaint."

7    Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th

8    Cir. 1986).

9        Here, the undersigned cannot yet find that granting plaintiff further leave to amend would

10   prejudice the opposing parties, is sought in bad faith; would produce an undue delay, or would be

11   futile.  Therefore, and in light of plaintiff's pro se status, the undersigned will grant plaintiff's

12   request for further leave to amend.

13       However, in drafting a second amended complaint plaintiff should be cognizant of the

14   issues raised by the undersigned's March 24, 2020 order.  Specifically, plaintiff's complaint and

15   amended complaint repeatedly fail to contain a short and plain statement of a claim showing that

16   plaintiff is entitled to relief.  In this regard, plaintiff's pleadings consist of vague and conclusory

17   allegations that are difficult to follow and devoid of factual allegations.

18       Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

19   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

20   state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

21   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

22   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

23   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

24   enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

25   557).  A plaintiff must allege with at least some degree of particularity overt acts which the

26   defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

27       It appears that plaintiff is attempting to allege a claim for copyright infringement under

28   the Federal Copyright Act, 17 U.S.C. § 101 et. seq.  (ECF No. 5 at 1.)  To allege a claim of

2

1   copyright infringement plaintiff must "must show: (1) ownership of a valid copyright; and (2) that

2   the defendant violated the copyright owner's exclusive rights under the Copyright Act." Ellison

3   v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a) (2003)); see also

4   Jackson v. Sturkie, 255 F.Supp.2d 1096, 1101 (N.D. Cal. 2003) ("To establish a prima facie case

5   of willful infringement plaintiff must demonstrate that defendant was aware, or should have been

6   aware, that his activities were infringing."). "The second prong of the infringement analysis

7   contains two separate components: 'copying' and 'unlawful appropriation.'" Skidmore as

8   Trustee for Randy Craig Wolfe Trust v. Led Zeppelin, 952 F.3d 1051, 1064 (9th Cir. 2020).

9        "Copying may be established by showing that the infringer had access to plaintiff's

10   copyrighted work and that the works at issue are substantially similar in their protected elements."

11   Cavalier v. Random House, Inc., 297 F.3d 815, 822 (9th Cir. 2002). "Proof of copying by the

12   defendant is necessary because independent creation is a complete defense to copyright

13   infringement.  No matter how similar the plaintiff's and the defendant's works are, if the

14   defendant created his independently, without knowledge of or exposure to the plaintiff's work,

15   the defendant is not liable for infringement." Rentmeester v. Nike, Inc., 883 F.3d 1111, 1117 (9th

16   Cir. 2018). "On the other hand, the hallmark of 'unlawful appropriation' is that the works share

17   substantial similarities." Skidmore, 952 F.3d at 1064 (quoting Newton v. Diamond, 388 F.3d

18   1189, 1193 (9th Cir. 2004)).

19        Here, although plaintiff alleges ownership of a valid copyright, plaintiff's pleadings

20   repeatedly fail to allege facts establishing that any defendant produced a work that was

21   substantially similar to plaintiff's copyrighted material.  Instead plaintiff invites the court to view

22   plaintiff's "Facebook Page" where the court "will find similarities to" plaintiff's "entertainment

23   company" and defendants' "music videos[.]" (ECF No. 5 at 2.)  In any second amended

24   complaint, plaintiff must allege facts establishing the elements of a copyright claim.

25        More generally, plaintiff is again cautioned that if plaintiff elects to file a second amended

26   complaint "the tenet that a court must accept as true all of the allegations contained in a complaint

27   is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

28   supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678

1    (2009).  "While legal conclusions can provide the complaint's framework, they must be supported

2    by factual allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the

3    line from conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

4          Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

5    amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

6    in itself without reference to prior pleadings.  The amended complaint will supersede the original

7    complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,

8    just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

9    and identified in the body of the complaint, and each claim and the involvement of each

10   defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file

11   must also include concise but complete factual allegations describing the conduct and events

12   which underlie plaintiff's claims.

13         Finally, in any second amended complaint filed by plaintiff, plaintiff shall address why

14   this court is the appropriate venue for this action.  Pursuant to 28 U.S.C. § 1391(b):

15              A civil action may be brought in--

16              (1) a judicial district in which any defendant resides, if all defendants
                are residents of the State in which the district is located;
17

18              (2) a judicial district in which a substantial part of the events or
                omissions giving rise to the claim occurred, or a substantial part of
                property that is the subject of the action is situated; or
19

20              (3) if there is no district in which an action may otherwise be brought
                as provided in this section, any judicial district in which any
                defendant is subject to the court's personal jurisdiction with respect
21              to such action.

22         Here, the complaint alleges that all the defendants reside in the judicial district for the

23   United States District Court for the Northern District of California.  The amended complaint

24   alleges that the events at issued occurred in "Oakland, California," and "Emeryville, California,"

25   neither of which are located in this judicial district.  (ECF No. 5 at 2-3.)

26         With respect to plaintiff's motion for the appointment of counsel, plaintiff is informed that

27   federal district courts lack authority to require counsel to represent indigent plaintiffs in civil

28   cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  The court may

1  request the voluntary assistance of counsel under the federal in forma pauperis statute, but only

2  under exceptional circumstances.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015,

3  1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test

4  for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success

5  on the merits and the plaintiff's ability to articulate his or her claims.  See Wilborn v. Escalderon,

6  789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

7       Here, plaintiff has yet to file a complaint that states a viable claim upon which relief can

8  be granted.  Accordingly, at this stage of the proceedings, the undersigned cannot find that

9  plaintiff's likelihood of success on the merits or ability to articulate claims satisfies the test for

10 exceptional circumstances.  Accordingly, plaintiff's request for the appointment of counsel will

11 be denied.

### CONCLUSION

13      Accordingly, IT IS HEREBY ORDERED that:

14      1.  Plaintiff's September 3, 2020 motion to appoint counsel (ECF No. 9) is denied;

15      2.  Plaintiff's October 1, 2020 motion for further leave to amend (ECF No. 10) is granted;

16      3.  Within twenty-eight days from the date of this order, a second amended complaint

17 shall be filed that cures the defects noted in this, and the March 24, 2020 order, and that complies

18 with the Federal Rules of Civil Procedure and the Local Rules of Practice.[1]  The amended

19 complaint must bear the case number assigned to this action and must be titled "Second Amended

20 Complaint"; and

21      4.  Failure to comply with this order in a timely manner may result in a recommendation

22 that this action be dismissed.

23 Dated: October 19, 2020

25 DLB:6
   DB/orders/orders.pro se bledsoe1648.lta.ord

26

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

27

28 [1] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

5